## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MICHIGAN

W.B. by and through his
Next Friend Shmeka Craig Miles,

        *Plaintiff*,                    Case No.:

v.

                                              Hon.

JASON DIAZ;
CHRISTOPHER HURST;
and the CITY OF LOWELL, a
political subdivision of the State of
Michigan;

        *Defendants*.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

NOW COMES Plaintiff, W.B. by and through his Next Friend Shmeka Craig Miles, by and through counsel, SOLOMON M. RADNER and JOHNSON LAW, PLC, and states and alleges against the defendants as follows:

## JURISDICTION AND VENUE

1. This is a civil action brought pursuant to Michigan law, 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

2. This Court has original and/or supplemental jurisdiction over all of Plaintiffs' claims presented in this Complaint based upon the laws of the United States pursuant to 28 U.S.C. §§ 1331 and/or 1343.

3.     The unlawful actions alleged in this Complaint took place in Ionia County's Boston Township, within the jurisdiction of the United States District Court for the Western District of Michigan.

4.     Plaintiff commences this action against the individual Defendants in their individual and official capacities as Lowell police officers, and against Lowell as *Monell* claims for maintaining and enacting unconstitutional policies, procedures, protocols, and customs.

5.     Venue is appropriate in the Western District of Michigan pursuant to 28 U.S.C. § 1391(b) since the individual Defendant Officers are employees of the City of Lowell and the acts providing the legal basis for this complaint occurred in Kent County and Ionia County, State of Michigan.

## PARTIES

6.     Plaintiff, W.B. by and through his Next Friend Shmeka Craig Miles (hereinafter "W.B.") at all pertinent times, was a United States citizen and the resident of the City of Grand Rapids, State of Michigan.

7.     Defendant, JASON DIAZ (hereinafter "Diaz") at all pertinent times, was employed as a police officer by the Lowell Police Department (hereinafter "LPD"), a department of the City of Lowell, and was acting under the color of law, within the scope of his duties as a Lowell police officer, and as trained by both

2

written and unwritten policies, procedures, protocols, and customs of the city of Lowell.

8.     Defendant, CHRISTOPHER HURST (hereinafter "Hurst") at all pertinent times, was employed as the chief of Police by the Lowell Police Department (hereinafter "LPD"), a department of the City of Lowell, and was acting under the color of law, within the scope of his duties as Lowell police chief, and as trained by both written and unwritten policies, procedures, protocols, and customs of the city of Lowell.

9.     Defendant, CITY OF LOWELL (hereinafter "Lowell") at all pertinent times, was a municipal corporation formed under the laws of the State of Michigan and was the employer of the individually named defendants.

10.     Defendant Lowell is a governmental entity in the State of Michigan and operates the LPD, under color of law, and is a person for the purposes of 42 U.S.C. §§ 1983 action. Defendant Lowell is responsible for the policies, practices, customs, and procedures of the LPD, for the training and supervision of the police officers of the LPD, including the training and supervision of the individually named Defendant Officers, and for those acts committed pursuant to the training, supervision, policies, practices, customs, and procedures that deprived W.B. of his constitutional rights as set forth in this Complaint.

3

11.     Further, defendant Lowell demonstrated deliberate indifference in this particular case, which is demonstrated by the following:

a. The second-nature manner with which Diaz indicated in his police radio that he fired his weapon because the driver of the vehicle was trying to take him out, demonstrates that this is the way things are done in Lowell, and certainly by Diaz, with the knowledge that Hurst and Lowell would clear him of wrongdoing.

b. Defendant City's police department failed to conduct a meaningful investigation, choosing instead to cover up Diaz's crime, thereby encouraging him and other officers to engage in similar criminal actions.

c. Defendant Hurst knew before Diaz was hied that Diaz had a criminal record that included carrying illegal weapons and still hired Diaz.

d. Defendant Lowell and Hurst knew that Diaz was not being truthful about the vehicle trying to take him out before firing his weapon eight times, and also knew that Diaz had filed his weapon at a vehicle driving away. Despite this knowledge, Hurst and Lowell cleared Diaz of any and all wrongdoing and found that Diaz followed all city procedures.

e. Diaz muted his body camera while he was discussing the incident with defendant Hurst; Diaz muted his microphone because another officer

4

advised him to do so. This muting violates standard police procedures, yet it was done like second nature by Diaz after being reminded to do so by another officer.  Such actions encourage officers to engage in violation of civil rights and then to simply turn off or mute their body cameras so that evidence of wrongdoing is deleted and/or not created.

    f.  Enacting and maintaining policies, procedures, protocols, and customs, whether written or unwritten, that encourage and/or train officers to fire their weapons unlawfully and unnecessarily and then lie about it.

12.    Upon information and belief, all the individually named Defendant Officers are citizens of the United States and are LPD police officers. Furthermore, at all times relevant to this action these Defendants were acting under the color of law and were acting within the course and scope of their employment with Lowell.

13.    Defendants are being sued in their official and individual capacities, including in their supervisory capacities, where applicable.

14.    All complained-of actions were unlawful and unconstitutional, were done maliciously, intentionally, purposely, purposefully, knowingly, sadistically, deliberately, recklessly, wantonly, consciously, willfully, and with gross negligence.

## STATEMENT OF FACTS

15.    On August 29, 2020, at approximately 2:00 AM, W.B. was a passenger in a vehicle that was being driven by an individual who chose to elude the police.

16.     Lowell Police Department and Kent County Sheriff were chasing the vehicle; the initial violation was failing to dim high beams and no registration plate.

17.     The subject vehicle approached Diaz's police cruiser, which Diaz had positioned in the roadway to prevent the fleeing vehicle from getting through. The fleeing vehicle stopped, turned around, and drove away from Diaz. Diaz then fired his gun eight times as the vehicle drove away from him, striking W.B. in the head.

18.     There was no lawful basis whatsoever for Diaz to fire his gun even once, let alone eight times. Further, Diaz knew this at the time that he fired his weapon. Therefore, Diaz falsely stated into his police radio that the vehicle was attempting to take him out when he fired his weapon. He thereby created a false narrative that his life was at risk when he fired his gun to falsely justify his actions.

19.     As a proximate result of the illegal and unconstitutional acts of Defendants, W.B. suffered physical and psychological harm.

## COUNT I
## VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983
### (Fourth Amendment - Excessive Force)
### *(Against All Defendants)*

20.     Plaintiff incorporates herein all the prior allegations.

21.     There was no basis for Diaz to fire his gun, let alone eight times.

22.     Diaz unlawfully fired his gun and struck W.B. in the head with a bullet.

23.     Firing a gun at a fleeing vehicle is not only extraordinarily reckless and dangerous, but it is also more force than reasonably necessary to effectuate an arrest.

6

24.     Lowell's policies, procedures, protocols, and customs were directly responsible for Diaz engaging in the herein-described unconstitutional actions, and therefore a *Monell* claim exists against Lowell.

25.     W.B. suffered harm as a result.

## COUNT II
## (STATE ACTION CLAIM - ASSAULT AND BATTERY)
### *(Against All Defendants)*

26.     Plaintiff incorporates herein all the prior allegations.

27.     Defendant Diaz fired his firearm multiple times, striking W.B. in the head with a bullet.

28.     The act of firing a firearm by Diaz was intentional, and constituted an unwanted offensive touching, without the consent of W.B.

29.     W.B. suffered harm as a result.

## (MUNICIPAL *MONELL* LIABILITY)

30.     A municipality is liable under 42 U.S.C. § 1983 if the acts that violated a person's rights are attributable to its own policies, practices, and customs, whether they are written or unwritten, including the inadequate training of its officers such that its officers are incapable of properly doing their jobs as law enrockment officers without violating the rights of individuals, such as the plaintiff.

31.     The conduct of Defendant Lowell and the Lowell police department as described herein violated 42 U.S.C. § 1983.

32.     At all times relevant to this complaint, Defendant Lowell acted with deliberate indifference to Plaintiff's constitutional rights by maintaining policies, practices, and customs that condoned and fostered Defendant Diaz's complained-of conduct, and even cleared Diaz after an internal investigation of any wrongdoing, thereby cementing Lowell's belief that Diaz acted in conformity with all policies, procedures, protocols, and customs of Lowell and as trained by Lowell.

33.     As a direct and proximate result of Defendants' violation of W.B.'s constitutionally protected rights, W.B. suffered and continues to suffer harm.

34.     Further, at all times relevant to this complaint, Defendant Lowell acted with deliberate indifference to W.B.'s constitutional rights by maintaining inadequate training and supervision on the proper use of firearms.

35.     Any training that defendant Diaz received was inadequate to the tasks that the officers were required to perform; the inadequacy is the result of Defendant Lowell's deliberate indifference; and the inadequacy is closely related to or actually caused W.B.'s injuries.

36.     Lowell's deliberate indifference is established by Lowell's refusal to meaningfully discipline or supervise Diaz, and in fact officially clearing him of any wrongdoing, despite the numerous unlawful, unconstitutional, and improper actions taken by Diz, including the obvious ones such as muting his microphone, lying about the car trying to take him out when he fired, and firing his gun at a fleeing vehicle.

8

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, W.B. by and through his Next Friend Shmeka Craig Miles demands judgment and prays for the following relief, jointly and severally, against all Defendants:

      a.     Full and fair compensatory damages in an amount to be determined by a jury;

      b.     Punitive damages in an amount to be determined by a jury;

      c.     Reasonable attorney's fees and costs of this action; and

      d.     Any such other relief as appears just and proper.

## **JURY DEMAND**

    Plaintiff hereby demands a trial by jury of all triable issues, pursuant to Fed. R. Civ. P. 38(b).

                     Respectfully submitted,

                     JOHNSON LAW, PLLC

             By:   */S/ Solomon M. Radner*
                     SOLOMON M. RADNER (P73653)
                     VEN R. JOHNSON (P39219)
                     MADELINE M. SINKOVICH (P82846)
                     Attorneys for Plaintiffs
                     535 Griswold Ste 2600
                     Detroit, MI 48226
                     313-324-8300
                     SRadner@VenJohnsonLaw.com

Dated: October 18, 2021